```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
               Plaintiff,          )
                                   )
        v.                         )   C.A. No. 14-78 S
                                   )
RHODE ISLAND DEPARTMENT OF         )
CORRECTIONS; and                   )
STATE OF RHODE ISLAND,             )
                                   )
               Defendants.         )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendants filed a motion to dismiss this action brought by the United States Attorney General ("Government") under Section 707 of Title VII. (ECF No. 9.) Although captioned as a motion to dismiss, the motion was, in practical effect, a motion to limit damages, seeking to partially cut off liability under a statute of limitations. (See Mem. & Order 2 n.2, ECF No. 22.) The Court denied the motion. (See id.) Defendants now move for an order certifying the denial of their motion to dismiss for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 29.) The Government opposes. (ECF No. 34.) The motion is denied.

Under Section 1292(b), a district court is permitted to certify an interlocutory order for an immediate appeal where the

"order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." Camacho v. Puerto Rico Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004). Obtaining certification of a denial of a motion to dismiss is even more difficult: "As a general rule, [the First Circuit] do[es] not grant interlocutory appeals from a denial of a motion to dismiss" because of a "policy preference against piecemeal litigation, as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (citation omitted).

Defendants here are unable to show that certification is warranted. The issues for which Defendants seek review relate to the extent of their potential damages for backpay. Thus, Defendants' motion to dismiss did not involve a "controlling question of law," 28 U.S.C. § 1292(b), at least not for the liability phase of this bifurcated case. See Atrion Networking Corp. v. Marble Play, LLC, 31 F. Supp. 3d 357, 359 (D.R.I. 2014) ("In the context of motions for interlocutory certification, the term 'controlling' means 'serious to the conduct of the

2

litigation, either practically or legally[.]'" (quoting Bank of N.Y. v. Hoyt, 108 F.R.D. 184, 188-89 (D.R.I. 1985))).  Discovery and litigation in the liability phase of this case will not be impacted by appellate review of the issues for which Defendants seek certification.  See id. ("[A] legal question cannot be termed 'controlling' if litigation would be conducted in much the same manner regardless of the disposition of the question upon appeal." (quoting Hoyt, 108 F.R.D. at 188)).

Additionally, the Court finds that there is not a substantial ground for difference of opinion with respect to the issues for which certification is sought.  To be sure, there is a dearth of authority on the issues raised by Defendants' motion to dismiss.  However, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases."  Atrion, 31 F. Supp. 3d at 360 (quoting White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994)).  Defendants' reliance on dicta contained in United States v. Fresno Unified Sch. Dist., 592 F.2d 1088 (9th Cir. 1979), and the distinguishable case of United States v. City of Warren, 138 F.3d 1083 (6th Cir. 1998), (see Defs.' Mot. 6-8, ECF No. 29-1) fails to convince this Court that there is a substantial ground for difference of opinion. The same can be said for the remaining authority identified by Defendants (see id. at 8-10), which has been eroded by subsequent precedent.

3

Finally, an interlocutory appeal would not materially advance the termination of the litigation. At most, Defendants can claim that success on appeal will strengthen their settlement position. But the potential for an increased likelihood of settlement does not constitute material advancement of the termination of the litigation, at least where (as here with respect to the liability phase) "discovery, trial preparation, and litigation will progress in substantially the same manner whether or not the question . . . is certified." <u>Ashmore v. Ne. Petro. Div. of Cargill, Inc.</u>, 855 F. Supp. 438, 440 (D. Me. 1994). Moreover, appellate review of the issues for which Defendants seek certification might never occur; if Defendants prevail on the liability phase, the questions about the extent of damages for back pay will become moot. <u>See Caraballo-Seda</u>, 395 F.3d at 9 (explaining that the First Circuit's abhorrence of interlocutory appeals from denials of motions to dismiss stems from considerations of mootness, among others).

For these reasons, Defendants' motion is DENIED.
IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  September 21, 2015

4