**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | **C.A. 14-78S** |
| **STATE OF RHODE ISLAND,** | : | |
| **RHODE ISLAND DEPARTMENT OF** | : | |
| **CORRECTIONS,** | : | |
| *Defendants*. | : | |

**STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY FROM**
**THE PLAINTIFF UNITED STATES AND FOR AN EXPEDITED RULING**

**I.  INTRODUCTION AND BACKGROUND**

Now come the State Defendants and hereby move for entry of an Order compelling the

Rule 30(b)(6) deposition testimony of the Plaintiff, the United States Department of Justice

(hereinafter "DOJ"), pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rules Cv 7

and 37, to provide the facts surrounding the investigations of the Rhode Island Department of

Corrections ("RIDOC") to support the affirmative defenses of laches and estoppel.[1]  The District

Court has recognized that laches applies in this action.[2]  The State Defendants served a Rule

30(b)(6) deposition notice to the DOJ on December 22, 2015, that described with particularity the

---

[1] The parties have agreed to an expedited briefing schedule to address the issues raised, with the State Defendants' Motion to Compel submitted on February 10, 2016, the DOJ's response due by February 17, 2016, and the State Defendants' reply due February 22, 2016 since the deposition is scheduled for Thursday, March 3, 2016.

[2] In the Memorandum and Decisions issued January 29, 2015, in denying the State's Motion to Dismiss based on statute of limitations grounds, this Honorable Court noted that, "when the DOC submits its Answer to the Complaint, the DOC could raise laches as a defense in an attempt to further limit damages." Doc. 22, p. 17.  The State Defendants continue to maintain that a limitations period must be applicable in accordance with due process protections in a Title VII action, which are statutorily provided to federal and private employers while state and local government employers receive virtually none.

1

requested matters for examination.[3]  Exhibit A.[4]  The DOJ responded by letter, attached hereto as

Exhibit B,[5] and rebuffed the factual inquiry by invoking qualified privileges despite being the only

repository of such information.  In an effort to resolve the DOJ's opposition to providing testimony

on certain requested matters, the State Defendants conferred with the DOJ on January 28, 2016.

The DOJ indicated that they adhered to their objections and asserted privileges.  Upon reaching

this impasse, the State Defendants informed the DOJ that it would file the instant motion to

compel.

The DOJ has not made any particularized reasons for the non-disclosure of such

information, nor has it identified what information may exist.  As State Defendants are left without

any further means to obtain necessary information pertinent to its affirmative defenses, a

substantial need exists to compel the information known and possessed by the DOJ.  The need of

State Defendants outweighs the qualified privileges asserted by the DOJ—without such

information, State Defendants will face significant prejudice and an inability to support its

affirmative defenses.

The State Defendants' affirmative defenses primarily arise out of the two inquiries by the

DOJ into the employment practices and processes of the RIDOC in 1993-96 and 2009 to present.

State Defendants seek to press the affirmative defenses of laches and estoppel based on the DOJ's

---

[3] The parties have agreed that the State Defendants' Rule 30(b)(6) deposition should proceed after the close of fact discovery, as the deposition was noticed and served prior to the January 20, 2016 closure date for fact discovery.

[4] The State Defendants served an Amended Notice of 30(b)(6) Deposition on the DOJ on February 4, 2016, only reflecting a clarification to Matter 9 and the date for the upcoming deposition. For convenience, Exhibit A will contain the February 4, 2016 Amended Notice of Deposition.

[5] On January 20, 2016 the DOJ responded by letter to the State Defendants' initial Notice of 30(b)(6) Deposition, and on February 9, 2016, DOJ responded by letter to the Amended Notice of 30(b)(6) deposition and clarification of Matter 9.  For ease of reference, Exhibit B will be comprised of both the January 20, 2016 and February 9, 2016 DOJ letters in response to the State Defendants' Notice and Amended Notice of Deposition.

representations and investigations, and failure to bring the suit within a reasonable time and outside Title VII's general purpose of eradicating discrimination swiftly and efficiently— prejudicing the RIDOC. Without the ability to inquire as to the steps taken by the DOJ in the process of the 2009-2013 investigation and the prior 1993-1996 investigation, or as to when the DOJ knew or understood certain information and what they did or did not do with it, the State Defendants are unable to effectively put their defenses forward.

In 1993-96, the DOJ ceased its investigation into RIDOC's employment selection processes after the RIDOC hired the expert recommended by DOJ and had begun developing new selection devices. The "State's goal was and has always been to have a sound selection process that welcomes a qualified, diverse work force." Exhibit C, Defendants' Witness A.T. Wall's Responses to Plaintiff United States' Written Questions in Lieu of Oral Deposition, Response 4.

On September 1, 2009, when the DOJ informed the RIDOC that it was investigating the RIDOC for the second time it only provided the information that DOJ "has information indicating that the percentages of black, Hispanic and female correctional officers…are significantly lower than would be expected for an agency of this type." Exhibit D, DOJ Ltr. of Investigation, Sept. 1, 2009, USA3389-3390. And that the DOJ was authorized to conduct a "full investigation of the State of Rhode Island's employment practices at its Department of Corrections to determine whether it is engaged in a pattern or practice of discrimination against blacks, Hispanics and/or females with respect to employment opportunities in correctional officer positions, in violation of Title VII." *Id*. The DOJ's letter indicates that it had information even before investigating that there may be some lower percentages, but never alerted RIDOC as to what might be the cause or how the RIDOC could potentially begin assessing or remedying the issue.

When the DOJ met with RIDOC in October of 2009, DOJ representatives informed RIDOC that this was a disparate impact case and that the purpose of the meeting was to find out

about the RIDOC's hiring practices and get documents that might be helpful and if there was an issue, the DOJ would explain the reason for the finding, get the RIDOC's input, and the parties would work it out together—there was no indication that litigation would ensue.  Exhibit C, A.T. Wall's Written Dep., Response 6; *see also* Exhibit E, RIDOC Notes from October 23, 2009 Meeting with DOJ, RI6336-RI6346.  Director A.T. Wall affirmed that the meeting "had a similar tenor and tone as the meeting with DOJ of March 7, 1995; it was cordial and both sides expressed their willingness to work together in collaboration to come to a mutually acceptable resolution if there was an issue. [His] understanding was that if there was any issue, the DOJ would bring it to our attention and the two parties would work it out together."  Exhibit C, A.T. Wall Written Dep., Response 6.

Over the years between 2009 and 2013, RIDOC provided extensive information about nearly all aspects of the recruitment and selection process for correctional officers at the Department, and continued to provide information about the process—while the RIDOC held two more recruitment processes.  At no time was the RIDOC ever alerted to any specific issue with the process, the DOJ never informed the RIDOC that there was an issue that they should discuss, never provided any indication that there was an issue that they should work out, and there was no indication to the RIDOC that the DOJ was specifically targeting any particular portion of the process or the process in total.  Nonetheless, the DOJ filed suit, and now seeks damages for the selection processes and devices that took place while the investigation continued.

The State Defendants need the factual information in the possession of the DOJ to support its affirmative defenses.  Not only is this a matter of fairness and equity, but State Defendants have a substantial need for the information and related documents that DOJ is asserting qualified privileges over to defend their case.  For the reasons contained herein, State Defendants respectfully request that this Honorable Court enter an Order compelling the DOJ to provide the

4

information requested in the form of deposition testimony and any other supportive documentation in response to the State Defendants' Amended Rule 30(b)(6) Notice of Deposition. *See* Exhibit A.

## II. ARGUMENT

### A. The DOJ has not identified with particularity what information is protected by privilege, why the privilege should apply and prevent disclosure, and has therefore failed to carry its burden under Federal Rule of Civil Procedure 26 or the Asserted Privileges

It is well-settled that the party asserting a privilege has the burden of establishing that a privilege is applicable to the information sought. The Federal Rules of Civil Procedure provide that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). A party "declining to produce discovery on the grounds that it is privileged has the burden of establishing the existence of the privilege as well as its applicability in the particular situation." *Scott v. City of Peoria*, 280 F.R.D. 419, 421-22 (C.D. Ill. 2011) (*citing Bank of America v. Veluchamy,* 643 F.3d 185 (7th Cir.2011); *U.S. v. Tratner,* 511 F.2d 248, 251–52 (C.A.7 1975); *F.T.C. v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980)). Additionally, "[b]lanket claims of privilege are not acceptable." *Id.* (*citing Holifield v. U.S.,* 909 F.2d 201, 204 (7th Cir.1990); *U.S. v. White,* 970 F.2d 328, 334 (7th Cir.1992); *Shaffner,* 626 F.2d at 37). Federal Rule of Civil Procedure 26(b)(5) states that the withholding "party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The DOJ, as the party asserting the privilege, has the burden of establishing that the privileges asserted apply.

In this case, the DOJ has only made blanket assertions of privilege in its responses to interrogatories and request for production of documents, as well as this 30(b)(6) deposition, and has failed to describe in detail or provide precise reasons for the assertions of privilege. The State

Defendants do not need a privilege log; however, there is nothing contained in the DOJ's January 20 or February 9, 2016 letters to support the privileges that are being invoked. *See* Exhibit B. The DOJ merely makes blanket assertions that evidence sought through the Rule 30(b)(6) deposition related to DOJ investigations of RIDOC or other similar cases is protected by the governmental deliberative process privilege, law enforcement/investigatory process privilege, work product doctrine, and attorney client privilege without any description of the nature of the testimony, documents, information, or communications that exist or the precise reasons for their non-disclosure. The DOJ has not satisfied their burden to demonstrate that the governmental deliberative process privilege, law enforcement/investigatory process privilege, work product doctrine, or attorney client privileges apply.

With regard to assertions of governmental deliberative process privilege, the government bears the burden of justifying the application of the privilege. *Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 133 *modified on reconsideration*, 71 Fed. Cl. 205 (2006)(internal citations omitted). The DOJ has not identified with particularity what testimony or records are subject to the deliberative process privilege; nor has it provided "precise and certain reasons" for withholding the requested evidence under that privilege. *See Pacific Gas*, 70 Fed. Cl. at 134-35; *Walsky Const. Co. v. United States*, 20 Cl. Ct. 317, 320 (1990)(*citing Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 5 (N.Y.N.Y 1983)). The DOJ has additionally not provided information as to whether evidence is predecisional or deliberative. *Pacific Gas*, 70 Fed. Cl. at 133.

Similarly, the DOJ has failed to comply with the prerequisites necessary to assert the law enforcement investigatory process privilege. "The party asserting the law enforcement privilege bears the burden of showing that the privilege applies… ." *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)(*citing In re Sealed Case,* 856 F.2d 268, 271–72 (D.C.Cir.1988)); *see also Floyd v. City of New York*, 739 F.Supp.2d 376, 380 (S.D.N.Y. 2010). In addition to not complying

6

with Fed.R.Civ.P. 26(b)(5), the DOJ has not provided any specification of information which the privilege is claimed to cover or an explanation as to why it properly falls within the scope of the privilege. *See In re Sealed Case*, 856 F.2d at 271. Further, the DOJ has made no showing that the information sought contains the evidence that the law enforcement/investigatory process privilege is intended to protect. *In re City of New York*, 607 F.3d at 944; *see also Floyd*, 739 F.Supp.2d at 380.

The DOJ additionally asserts the protection of the attorney work product doctrine without indicating what information exists, why the privilege should apply, or what will occur if the information is disclosed. The work product doctrine limits discovery of material obtained and prepared by an attorney or the attorney's agent in anticipation of litigation or preparation for trial. *See Hickman v. Taylor,* 329 U.S. 495 (1945). The work product doctrine establishes a qualified immunity, rather than a privilege, and the qualification of the immunity is to be determined upon a showing of necessity or good cause. *United States v. City of Torrence*, 163 F.R.D. 590, 592-93 (C.D. Cal. 1995)(*citing Hickman*, 329 U.S. at 495. Further, the party "claiming work product immunity has the burden of proving the applicability of the doctrine." *Id.* (*citing e.g., Nutmeg Ins. Co. v. Atwell, Vogel & Sterling,* 120 F.R.D. 504 (W.D.La.1988)). Other than making the broad claim that the work product doctrine applies, the DOJ has not provided any basis for the applicability of the doctrine to the information requested in the 30(b)(6) notice, nor have they provided information that the information would reveal the mental impressions and legal theories of counsel, which the doctrine is designed to protect. The State Defendants are entitled to the facts that pertain to the investigations.

The DOJ has failed to satisfy the requirements for asserting the governmental deliberative process, law enforcement/investigative process privileges and work product doctrine and must be compelled to designate a witness to address the matters set forth in the Amended Notice of

Deposition, Exhibit A.

### B.  Information Sought by State Defendants is Not Protected by Privilege

The information sought by State Defendants in the Notice of Deposition, Exhibit A, is not protected by the privileges raised by the DOJ because it is factual information.  The State Defendants are seeking factual information, such as dates when the DOJ knew certain information, what information they provided to the RIDOC, and any factual bases relied on to reach the conclusions in their investigations.  The factual information held by the DOJ about the two RIDOC investigations is relevant and necessary to support State Defendants' affirmative defenses.

### C.  The Privileges Asserted Are Qualified And Are Outweighed by State Defendants' Need for Information

The privileges asserted by the DOJ (governmental deliberative process, law enforcement/investigatory process privilege, work product doctrine) are qualified and can be overcome by the demonstration of State Defendants' need for the information.  Even if the DOJ satisfies all other requirements necessary to assert the privileges, the State Defendants have a substantial, compelling, and particularized need for information held solely by DOJ in order to support the affirmative defense of laches and in light of equity, which outweighs the privileges asserted.

It is universally recognized that the deliberative process privilege is qualified and not absolute, and that the courts "are obliged to balance conflicting interests on a case-by-case basis." *Williams v. City of Boston*, 213 F.R.D. 99, 100 (D. Mass. 2003) (*quoting Gomez v. City of Nashua,* 126 F.R.D. 432, 434 (D.N.H.1989)); *accord N.O. v. Callahan,* 110 F.R.D. 637, 643 (D.Mass. 1986).  Competing interests the Court may consider include: "the relevance of the evidence, the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees." *Id.* (*citing In re Subpoena Served Upon*

*the Comptroller of the Currency*, 967 F.2d 630, 634 (D.C.Cir. 1992) (internal quotations omitted). Additional considerations may include "society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government." *Texaco Puerto Rico*, 60 F.3d at 885 (*citing FTC v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). The privilege "can be overcome by a sufficient showing of need." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). *See also Dairyland Power Cooperative v. United States*, 77 Fed.Cl. 330, 337-38 (2007).

The law enforcement/investigatory process privilege is similarly not absolute and, although there is a presumption against lifting the privilege, it can be "overridden in appropriate cases by the need for the privileged materials." *Dellwood Farms, Inc. v. Cargill, Inc.,* 128 F.3d 1122, 1124 (7th Cir. 1997) (*citing Tuite v. Henry*, 98 F.3d 1411, 1417-18 (D.C.Cir. 1996)). *See In re Sealed Case*, 856 F.2d at 271 (noting that the investigatory privilege is qualified and that the "public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information"). The balancing test is that of "the need of the litigant who is seeking privileged investigative materials—against the harm to the government if the privilege is lifted… ." *Id.* Consideration of the following factors is also part of the balancing test:

> "(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case."

*Tuite*, 98 F.3d at 1417 (*citing Frankhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973)).

9

The work product doctrine is also qualified and evidence can be compelled if the litigant seeking the information can make out a "sufficient showing of necessity for the information and its unavailability by other means." *In re Sealed Case*, 856 F.2d at 273.

The State Defendants' need to obtain necessary evidence from the DOJ—documents and testimony sought through the Rule 30(b)(6) deposition—to support its defenses of laches and estoppel is both substantial and compelling to the extent that it overrides the DOJ's blanket assertions of qualified privileges.  In assessing some of the factors involved in balancing the interests of the parties, the State Defendants are not seeking to disclose confidential sources, investigatory strategies, or advisory opinions.  Additionally, the 1993-1996 investigation was closed in May 1996, and the DOJ provided their determinations of their 2009 investigation to the RIDOC in 2013, therefore, no pending investigation of the RIDOC will be thwarted by revealing or disclosing facts and circumstances surrounding those investigations.  The RIDOC also provided significant information in the case over time, indicating that there will be no chilling effect on the ability of the government to obtain information related to the case, nor will there be a negative impact on the individuals who provided information.  There has been no indication that the government will face any harm by disclosure of information underlying the investigations of the RIDOC's employment practices.

Moreover, any factual information or evidence about the investigations and steps taken by the DOJ are solely within the DOJ's possession or knowledge; State Defendants' have no other way to obtain this information, which is highly necessary to defend this case.  In a case of unintentional disparate impact, where the DOJ sought and RIDOC agreed to cooperate to work out any issues that the DOJ identified to improve the process for all applicants, but where the DOJ never informed the RIDOC of any issues prior to filing suit until 2013 (despite RIDOC's efforts to comply with numerous requests for information, and while the RIDOC held two administrations of

the testing procedures now in issue), the State Defendants are in dire need of evidence held solely

by the DOJ surrounding the investigations.  For these reasons, and those specifically related to the

Matters as outlined in Section III, State Defendants respectfully request that this Honorable Court

enter an Order compelling the DOJ's 30(b)(6) testimony and any supportive documentation.

### III.    MATTERS

For the Court's convenience in addressing this Motion to Compel, the State Defendants

have listed the contested matters below and explain the State Defendants' position on the DOJ's

objections and assertions of privilege.[6]

**MATTER 2:**    To identify any and all steps undertaken by the DOJ during its 1993-1996 investigation into the RIDOC's employment and selection procedures, including but not limited to efforts to settle, reconcile, or facilitate a resolution with the State/RIDOC, and the facts supporting DOJ's decision to not file suit against the RIDOC in connection with this investigation.

**ANSWER:**    The United States will designate a witness to testify as to any communications between the United States and Rhode Island during DOJ's 1993-1996 investigation of Rhode Island to the extent that such information is currently known by the United States. The United States will not designate a witness to discuss the internal investigative process, deliberations, or communications of the Department of Justice.  The United States asserts that such internal matters are privileged pursuant to the governmental deliberative process privilege, investigatory process privilege, work product privilege, and attorney-client privilege.

In its answer to Matter 2, the DOJ asserts that it will not designate a witness to discuss its

internal investigative process, deliberations, or communications based on blanket assertions of

various privileges.  In so doing, the DOJ has not indicated what information exists, how the

asserted privileges apply to the present litigation, how the asserted privileges overcome the State

Defendants' need for the information, or how the DOJ would be harmed or prejudiced as a result

of disclosure.

Nonetheless, the historical, factual information sought in Matter 2 is relevant to the State

---

[6] The DOJ did not assert any privileges or objections to Matters 1 or 7. *See* Exhibit B.

Defendants' affirmative defenses of laches and equitable estoppel. In discovery, RIDOC representatives have revealed their reliance on past DOJ representations that hiring experts recommended by the DOJ would result in a mutually acceptable resolution to the DOJ's investigation without the need for litigation. *See e.g.,* Exhibit C, A.T. Wall's Written Dep., Response 1(b). In fact, in May 1996 the DOJ informed the RIDOC that they would not be taking further action or initiating litigation with regard to the 1993-1996 DOJ investigation, after RIDOC hired the DOJ's recommended consultant began developing a testing process with that consultant. Subsequently, when meeting with the DOJ in 2009, the RIDOC believed that a similar cooperative process would take place and that the DOJ would attempt to resolve any issues before filing suit, which is also what the DOJ represented during that meeting. *See* Exhibit E.

As such, the factual information sought in Matter 2, related to the steps taken by the DOJ in its earlier investigation of the RIDOC's employment and selection processes, is clearly relevant to State Defendants' affirmative defenses in this matter that sounds in equity. Moreover, this information is in the sole possession of the DOJ, and the DOJ has rejected the State Defendants' prior attempts to obtain the information through interrogatories and requests for production of documents. Accordingly, the State Defendants request that this Honorable Court compel the DOJ to comply with this discovery request and designate an individual to testify as to these matters and to provide any supportive documentation that it may possess.

> **MATTER 3:** To identify any and all individuals involved in the DOJ's 2009-2013 investigation into the RIDOC's employment and selection procedures, including, but not limited to:
> a. The names, titles, addresses and contact information of each and every individual who participated in the investigation including any individual(s) who obtained information and evaluated and/or reviewed the RIDOC's employment and selection procedures prior to DOJ's September 2009 letter of investigation;
> b. The names, titles, addresses and contact information of each and every individual that examined and/or reviewed the validity of the RIDOC's employment and selection procedures in any manner subsequent to DOJ's

September 2009 letter of investigation;

c. The names, titles, addresses and contact information of each and every individual who examined, reviewed, or calculated any data or applicant information from the RIDOC and what each individual did in their analysis.

d. The time period that the individuals identified in (a), (b), (c) worked on the investigation and their involvement in the investigation.

**ANSWER:**     The United States interprets the phrase "all individuals involved in the DOJ's 2009-2013 investigation" to refer to Department of Justice personnel. The United States will designate a witness to testify as to the names, titles, dates, and general role of DOJ personnel in the 2009-2013 investigation. The United States objects to Matter 3 to the extent that it seeks information regarding the United States' testifying experts and any review or analyses conducted by those experts. Such information will be provided to Rhode Island in accordance with the scheduling order in this case. If Rhode Island has questions for the United States' testifying experts about their opinions or analyses, the appropriate way to obtain that information will be to depose those experts following the disclosure of their expert reports in the time period set forth in the scheduling order. The United States also objects to Matter 3 to the extent that it seeks information regarding the substance of any review or analysis conducted by DOJ attorneys, DOJ personnel working under the direction of its attorneys, or non-testifying consultants retained by DOJ. Such information is attorney work product and/or protected from disclosure by Rule 26(b)(4)(D).

In Matter 3, the State Defendants seek information regarding individuals who participated in the DOJ's 2009-2013 investigation. Although the DOJ has answered that an individual will be designated to testify to the names, titles, dates and general roles of individuals, the State Defendants seek further information pertinent to the State Defendants' affirmative defenses. Here, the DOJ asserts that the information is protected by the attorney work product doctrine, but has not indicated what information exists, how the asserted privilege applies, why the information should be protected from disclosure, or how the DOJ will be prejudiced by such a disclosure.

Contrary to the DOJ's objection that this matter seeks expert testimony, the State Defendants maintain that the information sought are facts regarding the 2009-2013 investigation, including who was involved, what information and data was obtained, reviewed, and analyzed, and what the DOJ did relative to any analysis of the data provided by the RIDOC. The DOJ advised in

13

the October 2009 initiation of the investigation that it would notify the State if there were any issues related to the selection process; the State Defendants are therefore entitled to know what the DOJ knew and when that evidence was known to exist.

Further, because the State Defendants are seeking information relating to the facts relied on for analyses conducted prior to the testifying expert analysis, the DOJ's objection under Fed.R.Civ.P. 26(b)(4)(D) is inapplicable or is defeated by the fact that it is impracticable for State Defendants to obtain facts or opinions on the subject by other means as set forth in 26(b)(4)(D)(ii). The information sought in Matter 3 is in the sole possession of the DOJ and necessary for the State Defendants' affirmative defenses. Accordingly, the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 3, as well as to produce any supportive documentation or evidence.

**MATTER 4:** The steps taken during the DOJ's 2009-2013 investigation into the RIDOC's employment and selection procedures, including, but not limited to:
   a. The date when the DOJ began its investigation of the RIDOC;
   b. The date when DOJ's investigation into the RIDOC's employment and selection procedures was completed;
   c. The date(s) that the DOJ learned that the RIDOC would be conducting or going forward with any recruitment of prospective correctional officer candidates, or that the RIDOC would be administering the written and/or video examination for such a selection process;
   d. The date(s) that the DOJ, or its agents, consultants, or representatives conducted any adverse impact or standard deviation statistical analysis(es) of any RIDOC selection process;
   e. The date when the DOJ identified any issue with the selection process for entry level correction officers, or determined that the RIDOC's employment and selection procedures were alleged to be unlawful;
   f. The date when the DOJ decided to bring suit against the State.

**ANSWER:** The United States objects to the first sentence of Matter 4 which broadly seeks "[t]he steps taken during the DOJ's 2009-2013 investigation." The United States will not designate a witness to discuss the internal investigative process, deliberations, or communications of the Department of Justice. The United States asserts that such internal matters are privileged pursuant to the governmental deliberative process privilege, investigatory process privilege, work product privilege, and attorney-client privilege. The United States will designate a witness to testify regarding the dates sought in subparts (a) through

14

(f) but will object to any questioning that goes beyond the dates and inquiries into the substance of any review or analysis conducted or determination reached by DOJ attorneys, DOJ personnel working under the direction of its attorneys, or non-testifying consultants retained by DOJ. Such information is attorney work product and/or protected from disclosure by Rule 26(b)(4)(D).

In Matter 4, the State Defendants seek factual information regarding the steps taken in the DOJ's 2009-2013 investigation of the RIDOC that preceded the filing of the instant lawsuit in February 2014. This topic includes the timing of steps that were taken during the investigation, the dates that the DOJ obtained information to aid in their determination of the State Defendants' alleged pattern or practice of discrimination, the dates that data was reviewed, and at what point the data was calculated to determine that there was any issue with the State Defendants' employment and selection processes. The DOJ once again asserts various privileges without meeting their burden of explaining how the asserted privileges apply to the present litigation, how the asserted privileges overcome the State Defendants' need for the information, and/or how the DOJ would be prejudiced as a result of disclosure.

The information requested is factual and highly relevant to the State Defendants' affirmative defenses; it is in the sole possession of the DOJ. Despite discovery requests on this matter, the State Defendants have not received any information regarding how the DOJ analyzes the data that is provided by the State Defendants, what type of calculations are used to determine whether there is a pattern or practice of discrimination at issue, what validity standards are applied, and, importantly, when these events occurred given the representations by the DOJ to the RIDOC about how the investigation would be conducted, which was not followed. Prior to litigation and throughout the discovery process the State Defendants have consistently engaged in good faith efforts to provide broad-reaching information about the contested employment and selection processes, including providing considerable documentation and responding to multiple requests for information. In return, the DOJ has blocked all attempts by the State Defendants to obtain any

15

understanding of, or factual information related to, the DOJ investigations into the RIDOC's employment and selection processes. Accordingly, the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 4 and provide all documents relied upon for their testimony.

**MATTER 5:** The method of calculation by which the DOJ evaluated the RIDOC's employment and selection procedures, including, but not limited to:
a. Identifying the steps taken and person(s) involved in establishing any statistical analysis;
b. The factual basis for any statistical calculations;
c. The methodology employed to produce any statistical calculations;
d. The dates that any statistical analysis was conducted;
e. The factual basis for each and every statistical allegation contained in DOJ's complaint.

**ANSWER:** The United States will not designate a witness to testify regarding Matter 5. This matter improperly seeks an expert opinion. Furthermore, any review or analysis conducted or determination reached by DOJ attorneys, DOJ personnel working under the direction of its attorneys, or non-testifying consultants retained by DOJ is subject to the investigative process privilege, work product privilege, and/or is protected from disclosure by Rule 26(b)(4)(D). The analyses that the United States is relying on in this litigation to establish the disparate impact of the challenged selection procedures are the analyses conducted by our testifying expert. We anticipate that Rhode Island will have received much of the information it may be seeking from our testifying expert in his report prior to the Rule 30(b)(6) deposition date and will have the opportunity to depose him regarding his methodology and findings at his expert deposition.

In Matter 5, the DOJ conflates the State Defendants' request for factual information as seeking expert opinion. State Defendants' affirmative defenses rely upon the information the DOJ knew and when they knew it, including the process by which they determined there was a statistical difference in demographic groups, what process they determined there was any issue with the validity of the examinations, what information was used at the time to determine that information, and what they did with any results. State Defendants have not been able to ascertain how the DOJ conducted such analysis prior to filing suit, or if DOJ conducted such analyses internally or relied on non-testifying experts. The dates when information was analyzed, the

16

process they utilized at the time, and any other facts they relied on are all relevant and necessary to State Defendants' defenses. This factual information is discoverable, especially given the representations made by the DOJ, and the fact that the DOJ now seeks damages for two administrations of the selection process while the DOJ's investigation continued without any acknowledgment of any issues in the process. The State Defendants are entitled to this information in the face of the State Defendants' reliance on representations made by the DOJ.

Further, the DOJ has made no showing that the privileges asserted herein are applicable to the information sought. There is no way to assess if such information is protected by Rule 26(b)(4)(D), regarding facts and opinions held by an expert employed strictly for trial preparation. Regardless, this rule may be overcome and a party may discover such facts and opinions on "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(D)(ii). The DOJ is the only entity that knows what occurred during the investigation and should be required to disclose the facts surrounding the investigation given the circumstances here to prevent prejudice to the State. Accordingly, the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 5 and provide all documents relied upon for their testimony.

**MATTER 6:** To identify any and all steps undertaken by the DOJ to settle, reconcile or facilitate a resolution with the State/RIDOC for its employment and selection devices and procedures, including but not limited to:
a. The date(s) of any meetings with representatives of the State and/or RIDOC concerning the DOJ's investigation;
b. Any representation(s) made by the DOJ related to the possible option of avoiding litigation or obtaining any form of agreement without litigation;
c. The efforts made by the DOJ to promote a resolution to the allegations before filing its complaint against RIDOC.

**ANSWER:** The United States will designate a witness to testify regarding communications between the United States and Rhode Island. The United States will not designate a witness to discuss the internal settlement deliberations or

17

communications of the Department of Justice. The United States asserts that such internal matters are privileged pursuant to the governmental deliberative process privilege, work product privilege, and attorney-client privilege. The United States also objects to Matter 6 to the extent that it presumes that the United States had any obligation to engage in settlement or conciliation prior to initiating this litigation. The Court has already held that the United States had no such obligation in its ruling denying Defendants' motion to dismiss.

As previously stated, the RIDOC relied on representations that the DOJ would review materials provided in the course of the investigation and if there were any issues they would discuss them with RIDOC and the parties would work them out together. Additionally, in the 1993-1996 investigation, the RIDOC was able to provide sufficient showing of cooperation and change in the process by hiring the DOJ recommended expert to develop selection devices, resulting in the DOJ not filing suit. The recommendations, representations, and efforts by the DOJ to resolve the 2009 investigation prior to filing suit (both with the RIDOC and made internally) are relevant to State Defendants' affirmative defenses and cannot be obtained elsewhere. Not only has the DOJ failed to satisfy its burden to establish the privileges asserted, but State Defendants need and possible resulting prejudice far outweigh the qualified privileges asserted herein.

Although the District Court held in its Decision on the State's Motion to Dismiss that the DOJ "need not clear the procedural hurdles set forth in Section 706 of Title VII," (Doc. 22, p. 2),[7] the DOJ's representations to the RIDOC imposed obligations of good faith and conciliation and any such information is highly relevant to defenses of laches and estoppel—including information and facts regarding DOJ's knowledge of RIDOC's willingness and desire to resolve the matter short of litigation, or to improve its process under the DOJ's guidance, and when DOJ decided not to work the matter out, or when DOJ knew that RIDOC was continuing to recruit and hire. The

---

[7] As previously noted, State Defendants continue to maintain that the statutory construction and history of Title VII, the Reorganization Act, and the Executive Order do impose procedural due process requirements of Title VII on the DOJ in these Section 707(a) pattern or practice discrimination cases, particularly when there is no notice or charge of discrimination present.

State Defendants are entitled to know this information despite the protestation of the DOJ. Accordingly, the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 6 and to provide all documents relied upon for their testimony.

**MATTER 8:** To identify any and all information pertaining to DOJ's involvement with Dr. Joyce Hogan and/or Hogan Assessment Systems, including but not limited to:
a. Any and all DOJ cases involving Dr. Joyce Hogan, and/or any representative or agent of Hogan Assessment Systems;
b. The substance and involvement of Dr. Joyce Hogan, and/or any representative or agent of Hogan Assessments Systems, in any and all DOJ cases.

**ANSWER:** The United States interprets the phrase "[a]ny and all DOJ cases involving Dr. Joyce Hogan" to mean litigation where the Employment Litigation Section of the DOJ Civil Rights Division retained Dr. Hogan to serve as a testifying expert. The relevant time period for this inquiry, if any, appears to be prior to Rhode Island retaining Dr. Hogan in 1995. The United States will designate a witness to identify any such litigation and Dr. Hogan's general role in such litigation, to the extent that the information is currently known to the United States. The United States will not designate a witness to testify as to the substance of Dr. Hogan's work for DOJ or as to matters where Dr. Hogan was retained as a non-testifying consultant. Such information is protected by the investigative process privilege, the investigative file privilege, the work product privilege, and/or is protected from disclosure by Rule 26(b)(4)(D).

State Defendants recognize that DOJ will designate a witness to discuss Dr. Hogan's general role in litigation in which she was retained as a testifying expert. State Defendants are, however, further seeking the information related to any other involvement of Dr. Hogan with the DOJ, including instances of non-testifying consultancy. The DOJ recommended Dr. Hogan to RIDOC and subsequently did not file suit against RIDOC in 1996. State Defendants seek information as to the extent and nature of the relationship DOJ has/had with Dr. Hogan, and believe that other instances where DOJ recommended, relied on, or consulted with Dr. Hogan are relevant to State Defendants' affirmative defenses. Again, to the State Defendants' knowledge, the DOJ is the only source for such information and the DOJ has not set forth why the privileges

19

asserted apply to this information.  Accordingly, the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 8 and provide all documents relied upon for their testimony.

**MATTER 9:** Support for the DOJ's assertion that its investigation into the RIDOC's employment and selection procedures was conducted in accordance with any and all statutes, rules, regulations, policies and procedures guiding DOJ investigations, efforts of conciliation, statutes of limitations, notice requirements, settlement demands, and available remedies.
  *a.* This includes any and all Title VII investigations conducted by the DOJ that were closed without the DOJ filing suit, the dates the investigation began and closed, the steps involved in said investigations, and the reasons that the DOJ did not ultimately file suit from 1995 to the present.
  *b.* This also includes the identification of any Title VII investigations where statutes of limitations were in issue, notifications were provided, policies and procedures were followed, efforts at conciliation were undertaken, settlement demands were involved, and/or where available remedies were discussed.[8]

**ANSWER:** The United States will not designate a witness to testify as to Matter 9.  Matter 9 is a legal conclusion and improperly seeks a legal opinion. It is also argumentative in that it seeks to impose obligations on the United States that are not supported by the law. The Court has already ruled that the United States has no such obligations in its ruling denying Defendants' motion to dismiss. The United States asserts that any responsive information would be protected by the governmental deliberative process privilege, the investigatory privilege, the attorney-client privilege, and/or is attorney work product.

The addition of subsections (a) and (b) to Matter 9 does not change the position of the United States with regard to this matter. The United States will not designate a witness to testify as to Matter 9. The first sentence of Matter 9 is a legal conclusion and improperly seeks a legal opinion. It is also argumentative in that it seeks to impose obligations on the United States that are not supported by the law. The Court has already ruled that the United States has no such obligations in its ruling denying Defendants' motion to dismiss. The United States asserts that any responsive information would be protected by the governmental deliberative process privilege, the investigatory privilege, the attorney-client privilege, and/or is attorney work product. Subsections (a) and (b) seek privileged information regarding confidential DOJ investigations. The United States will not designate a witness to disclose the existence of confidential investigations or to discuss the internal investigative process, deliberations, or communications of the Department of Justice. The United

---

[8] The State Defendants added subsections (a) and (b) to Matter 9 of the Amended Notice clarify the factual information sought. *See* Exhibit A, Amended Notice of 30(b)(6) Deposition.

20

States asserts that such internal matters are privileged pursuant to the governmental deliberative process privilege, investigatory process privilege, investigatory file privilege, work product privilege, and attorney-client privilege. Further, subsection (a) is overbroad in that it seeks information on over twenty years of "DOJ" investigations and subsection (b) is vague and overbroad in that is seeks information, for an unlimited period of time, on ***all*** investigations undertaken by "DOJ" (given that all investigations would involve, for example, the following of "policies and procedures").

The State Defendants submit that Matter 9 is not argumentative, nor is it seeking a legal conclusion or opinion, but rather seeks the factual bases upon which the DOJ makes the assertion in Paragraph 35 of its Complaint that its investigation was conducted in accordance with the law. *See* Complaint, Doc. 1, ¶ 35. The DOJ made such an allegation in the Complaint and the State Defendants are entitled to such discovery. While the State Defendants are cognizant that this Court held in its Decision on the State's Motion to Dismiss that the DOJ, "need not clear the procedural hurdles set forth in Section 706 of Title VII" (Doc. 22, p. 2), the State Defendants maintain that the information sought in Matter 9 is necessary for the affirmative defense of laches and equitable estoppel. *See also supra* n. 7.

Moreover, the argument that the information sought is overly broad or vague is frankly hypocritical, and in effect seeks to impose different standards of discovery upon the parties. The DOJ successfully argued that there is no statute of limitations that should apply in this case, and conducted discovery based on this premise. The DOJ sought—and received—discovery from the State reaching back to the 1990s based on the allegations in this case. Now that the State Defendants seek to defend against the action, the DOJ argues that the time period is overly broad and vague. The State Defendants limited this request to the same time frame as the issues in this case—1995 to present (this applies to both Matter 9(a) and (b)). The DOJ's argument that the United States faces no period of limitations and can obtain over twenty years of discovery from RIDOC, but that State Defendants cannot similarly seek evidence about DOJ's past investigations

21

and compliance with statutes, rules, and regulations is inequitable. Accordingly, the information sought is in the sole possession of the DOJ, and therefore the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 9 and to provide the documentation relied upon for the testimony.

> **MATTER 10:** Any and all alternate selection devices, alternate methods, alternate cut off scores, or alternative selection processes identified in connection with this case that the DOJ believes the RIDOC could have adopted, that would have produced less adverse impact in the RIDOC's employment and selection procedures.

> **ANSWER:** The United States will not designate a witness to testify as to Matter 10. This matter is a legal conclusion and improperly seeks a legal opinion and/or expert opinion. Any determination as to whether any alternative selection devices exist that meet the legal standard at issue in this case made by DOJ attorneys, DOJ personnel working under the direction of its attorneys, or non-testifying consultants retained by DOJ is subject to the investigative process privilege, work product privilege, and/or is protected from disclosure by Rule 26(b)(4)(D). The United States will rely on the opinion of its testifying expert to support any possible alternative selection devices that the United States may assert in this litigation. Our testifying expert will produce a report pursuant to the scheduling order in this case and Rhode Island will have the opportunity to depose him regarding any alternative selection devices he sets forth and the facts he relied upon in forming his expert opinion.

Through this Matter, State Defendants seek factual information regarding any alternative devices or methods or alternative selection processes identified that the DOJ believes exists or existed and that the RIDOC failed to adopt. Although there may be a legal or expert determination as to whether or not any alternatives would result in an adverse impact or whether or not the RIDOC could adopt said alternatives, the existence and identification of alternatives is a factual matter that is needed by the State Defendants in the case generally and to pursue the affirmative defenses of laches and estoppel. As State Defendants believed that the DOJ would work with them to identify and resolve any deficiencies prior to initiating a lawsuit, the information sought in Matter 10, including when the DOJ knew about any alternatives and what they did with that information, or not, is relevant to the State Defendants' affirmative defenses and is in the sole

possession of the DOJ.  As such, the State Defendants request that this Honorable Court compel the DOJ to designate a witness to testify as to the information requested in Matter 10 and to provide the documentation relied upon for the testimony.

### IV.    CONCLUSION

For the reasons set forth herein, State Defendants respectfully request that this Honorable Court compel the DOJ to designate a witness to testify and provide supporting documentation for the evidence sought in the Matters contained in Exhibit A, which State Defendants require for their affirmative defenses.

Respectfully submitted:

STATE OF RHODE ISLAND, and
RHODE ISLAND DEPARTMENT
OF CORRECTIONS

By Its Attorney,
PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Neil F. X. Kelly*

_____

Neil F.X. Kelly (Bar No. 4515)
Assistant Attorney General
Ariele Yaffee (Bar No. 8646)
Mariana Ormonde (Bar No. 8873)
Special Assistant Attorneys General
150 South Main Street
Providence, Rhode Island, 02903
Tel: (401) 274-4400 ext. 2284
Fax: (401) 222-3016
nkelly@riag.ri.gov

## CERTIFICATION

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 10th day of February 2016:

Clare Geller
Elizabeth B. Banaszak
David Reese
United States Department of Justice
Employment Litigation Civil Rights Division
950 Pennsylvania Avenue, NW, PHB
Washington, DC 20530

*/s/ Neil F.X. Kelly*

_____

24