# EXHIBIT A

## UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                            Civil Action No.: 1:14-cv-78S

STATE OF RHODE ISLAND,
RHODE ISLAND DEPARTMENT OF
CORRECTIONS,

    Defendants.

## DECLARATION AND CLAIM OF PRIVILEGE ON BEHALF
### OF THE UNITED STATES OF AMERICA

1. I, Vanita Gupta, am the Principal Deputy Assistant Attorney General for the Civil Rights Division ("Division") of the United States Department of Justice. As the Principal Deputy Assistant Attorney General, I am the senior management official of the Civil Rights Division. As a part of my official duties, I am responsible for the overall supervision of the Division's enforcement of the federal statutes and regulations that fall within the Division's mission, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"). The statements made in this affidavit are based upon my personal knowledge as well as information obtained during the course of my official duties.

2. As the senior management official of the Division, I have been authorized by the Attorney General of the United States to assert the governmental deliberative process privilege on behalf of the United States of America.

3. The operation of the Department of Justice as a federal agency requires the free expression by Division employees of their analyses, advice, recommendations, and conclusions made in conjunction with our statutory enforcement responsibilities under Title VII.

4. I have personally reviewed the notices of deposition, made pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, filed in this case by Defendants Rhode Island and Rhode Island Department of Corrections (collectively, "Rhode Island"). I understand the original deposition notice was served on the United States on December 22, 2015, and an amended Rule 30(b)(6) deposition notice was served on the United States on February 4, 2016.

5. Defendants have moved for the court to compel the testimony of a deponent who would testify about matters relating to the pre-decisional deliberations of the United States. I have reviewed the areas of expected testimony contained in the Defendants' deposition notice, as amended, and have determined that disclosure of testimony in the areas designated in the notice would materially impair the Division's ability to enforce the federal statute, Title VII, that falls within its authority.

6. I have summarized for the court the areas to which the United States asserts the governmental deliberative process privilege, which includes all attempts to discover the substance of pre-decisional deliberations. Further, attorneys for the United States informed Rhode Island on January 20, 2016 and on February 9, 2016 of the bases upon which the government asserts the privileges detailed in this declaration. These include:

    a. Matter 2 seeks to inquire into the Department of Justice's internal deliberations with regard to a 1993-1996 Civil Rights Division investigation of Rhode Island's hiring practices, including the basis for the Department's decision not to commence litigation;

    b. Matter 4 seeks to inquire into the Department of Justice's internal deliberations with regard to a 2009-2013 Civil Rights Division investigation that formed the basis of the current lawsuit;

    c. Matter 6 seeks to inquire into the Department of Justice's internal deliberations regarding settlement of the instant litigation, including, but not limited to, internal deliberations regarding settlement prior to the filing of this litigation; and

    d. Matter 9 seeks to inquire into the internal deliberations of the Department of Justice with regard to every Title VII investigation undertaken by the Department for the past 21 years. This apparently includes, for each such investigation: the Department's internal deliberations regarding whether any procedural requirements would bar or limit possible claims; what types of relief could or should be sought; whether and how to engage in pre-litigation settlement negotiations; and the basis for the decision to bring or not bring litigation in each such case.

7. It also is clear from the face of Rhode Island's amended Rule 30(b)(6) deposition notice that these Matters seek testimony concerning the investigative processes used, and files assembled, by the Department of Justice as part of its Title VII enforcement efforts.

    a. Matter 2 seeks to inquire into any and all steps undertaken by the Department of Justice with regard to our 1993-1996 investigation of Rhode Island's hiring

practices, along with the facts supporting the Department of Justice's decision not to file suit against Rhode Island in connection with the 1993-1996 investigation;

b.  Matter 4 seeks to inquire into the steps undertaken by the Department of Justice with regard to our 2009-2013 investigation of Rhode Island's hiring practices;

c.  Matter 5 seeks to inquire into the "method of calculation" by which the Department of Justice evaluated Rhode Island's hiring practices, including the steps taken and methodologies employed for every statistical analysis performed by the Department of Justice;

d.  Matter 8 seeks to inquire into the substance of work performed by Dr. Joyce Hogan as a non-testifying consultant for the Department of Justice in other unrelated matters;

e.  Matter 9 seeks to inquire into the steps undertaken by the Department of Justice with regard to every Title VII investigation undertaken by the Department for the past 21 years, including the "policies and procedures" that were followed for each investigation, as well as any investigations that did not result in the Department of Justice filing suit and the reasons pertaining thereto.

8.  I have determined that the assertion of the Governmental Deliberative Process Privilege in these circumstances advances the purpose of said privilege, in that it promotes the candid discussions among personnel within the Department of Justice necessary for effective decision making and protects the integrity of Department of Justice decisions.

9.  Upon my personal consideration, I approved the assertion of the Governmental Deliberative Process Privilege with regard to Matters 2, 4, 6, and 9 of Rhode Island's Rule 30(b)(6) deposition notice.

10.  I have also determined that the assertion of the Investigatory Files Privilege in these circumstances advances the purpose of said privilege, in that it would undercut the government's prosecutorial efforts by disclosing the Department's investigative techniques and enforcement strategies, and impose unfair prejudice on the employers currently under investigation. Upon my personal consideration, I approved the assertion of the Investigatory Files Privilege with regard to Matters 2, 4, 5, 8, and 9 of Rhode Island's amended Rule 30(b)(6) deposition notice.

11.  For the reasons stated above, I have determined that the disclosure of the advice, opinion, facts, and recommendations that Rhode Island seeks in its motion to compel would

3

inhibit the frank exchange of information and ideas among Civil Rights Division officials and staff in the course of their pre-decisional deliberations concerning enforcement and policy decisions. If these officials and staff anticipate subsequent disclosure and inquisition regarding their candid opinions and views, recommendations will be tempered. This tempering is detrimental to the policy-making process, enforcement of anti-discrimination laws, as well as the public interest.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. (28 U.S.C. § 1746)

Dated: 2-17-16

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division
United States Department of Justice

4