**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | **C.A. 14-78S** |
| **STATE OF RHODE ISLAND,** | : | |
| **RHODE ISLAND DEPARTMENT OF** | : | |
| **CORRECTIONS,** | : | |
| *Defendants*. | : | |

**<u>STATE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO STATE'S
OBJECTION/APPEAL TO MAGISTRATE'S ORDER DENYING IN PART STATE'S
MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY</u>**

State Defendants (the "State") submit this reply to Plaintiff's Response in Opposition to

the State's Objection/Appeal to the Magistrate's Order Denying in Part State's Motion to Compel

certain 30(b)(6) Deposition Testimony from the Plaintiff (Doc. 63).[1]  The error asserted in the

State's Appeal is clear: the Magistrate should not have precluded the State from inquiring into

Matter 5, as the subject matter identified is factual information that is essential to the State's

affirmative defenses, and exists nowhere else but in Plaintiff's possession.  Docs. 60, 60-1, State

Defendants' Motion and Memorandum of Law in Support of Objection/Appeal to Magistrate's

Order.  The State's Appeal indicates its disagreement with the Magistrate's Order as it relates to

Matter 5, arguing that the information should be provided because it is factual and the State's

substantial need for the factual information sufficiently overcomes the Plaintiff's blanket

assertions of qualified privilege.  Moreover, the well-established standard of clearly erroneous or

---

[1] The State utilized the word Objection in its filing of March 8, 2016, Doc. 60 to reflect the language of Rule 72. The docket reflects that the filing is an "Appeal of Magistrate Judge Decision and Order" and will so be termed herein.

contrary to law is contained within the language of Rule 72(a), pursuant to which the State submits in its Appeal.[2]  Accordingly, "[a] magistrate's discovery order may be set aside where the order is clearly erroneous or contrary to law." *United States v. Garcia,* 983 F.2d 1160, 1166 (1st Cir. 1993) (citing *Fischer v. McGowan,* 585 F.Supp. 978, 984 (D.R.I. 1984); *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 59 (D.R.I. 1981); 28 U.S.C. § 636(b)(1)(A)).  Magistrate Almond's order denying inquiry to uncover critical information that supports the State's affirmative defenses is clear error and contrary to law.

The parties submitted briefings and held a telephonic hearing before the Magistrate on the issue of compelling testimony related to Matter 5.  *See* Docs. 55 and 55-1, State's Motion and Memo. in Support; Doc. 56, Pl.'s Opposition; Doc. 57, State's Reply to Pl.'s Opposition; Doc. 63-1 (Exh. A), Hearing Transcript.  Despite Plaintiff's argument to the contrary, the State fully briefed and presented its position to the Magistrate that the information sought pursuant to Matter 5 was necessary for the effective presentation of its affirmative defenses.  The State's arguments seeking access to information in order to support its laches and estoppel defenses not only included the representations made by the Plaintiff in 2009 (which the State does not agree was a mere "misunderstanding"), but also the diligence with which the Plaintiff conducted its investigation and when it knew or should have known certain information.  Far from attempting to "take another bite at the apple" (Pl. Opp'n., Doc. 63, p. 9), in its Appeal of the Magistrate's ruling on Matter 5, the State highlighted some of the issues that arose during the Plaintiff's 30(b)(6) deposition for the sole purpose of pointing out that highly relevant and non-privileged information was revealed for the first time at the deposition, which clearly shows that the State does not possess—as Plaintiff continues to maintain—all the "data and information available to the United States (information

---

[2] The State's Objection did not cite to the Telephonic Hearing Transcript, as the transcript had been ordered in accordance with the Rule prior to filing the Appeal in order to ensure timely filing.

and data that originated entirely from Defendants)." Pl.'s Opp'n., Doc. 63, p. 12. Rather, it is now abundantly clear that Plaintiff possesses non-privileged information relevant to the State's affirmative defenses, yet continues to hide such information behind blanket assertions of various qualified privileges. Plaintiff's reliance on privilege is misplaced.

Further, the Plaintiff points to *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987), where the Court found that the district court judge properly "refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance." In the instant case the State did argue its points; however, the State could not possibly have raised the issue of Dr. Crane to Magistrate Almond because the Rule 30(b)(6) deposition was the first time that any information regarding Plaintiff's in-house statistician was provided to the State, including the fact that she was continually running analyses throughout the investigation. Inexplicably, Plaintiff attempts to use its own failure to disclose information about Dr. Crane to shield itself from discovery that the State is entitled to, arguing that the State should have argued more specifically that it required information about someone whose existence was at that time unknown.[3] Despite Plaintiff's attempt to manipulate its own nondisclosure to its advantage, the State maintains that the argument originally presented to the Magistrate, namely that information sought under Matter 5 was factual and necessary and relevant to its affirmative defenses, logically extends to any analyses conducted by Dr. Crane.

The State's quest for information relevant to its affirmative defenses and the Plaintiff's denial of the same based on assertions of privilege highlights the nuanced difference between fact work product and opinion work product, as argued before the Magistrate and presented in the State's Appeal, but unaddressed in the Magistrate's Text Order. Fact work-product is defined as:

---

[3] Dr. Crane—not an attorney in this case—could have been produced to testify about the factual nature as to what she did and when.

> "those documents prepared by the attorney which do not contain the mental impressions, conclusions[,] or opinions of the attorney.' *Republican Party of N.C.,* 136 F.R.D. at 429 (quoting *In re Doe,* 662 F.2d 1073, 1076 n. 2 (4th Cir.1981). Opinion work-product is defined as 'work product that contains those fruits of the attorney's mental processes....' *Id.* Fact work-product can be compelled upon a showing of substantial need and undue hardship. *Grand Jury Proceeding,* 102 F.3d at 750."

*United States v. Bertie Ambulance Serv., Inc.*, No. 2:14-CV-53-F, 2015 WL 3932167, at *5 (E.D.N.C. June 25, 2015); *see also In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1013-16 (1st Cir. 2011) (describing the work product doctrine and the distinction between "ordinary" and "opinion" work product). Here, the State has continually argued that factual information—including the dates when analyses were conducted, the information used to conduct the analyses and the results—are facts distinct from any opinions, conclusions, or mental impressions of the Plaintiff's attorneys or experts. As such, the facts sought by the State are outside the scope of core opinion work product. Magistrate Almond's Order does not address this distinction or the qualified nature of the privileges. This amounts to clear error.[4]

Nevertheless, the Plaintiff denies access to information sought by the State under Matter 5 by asserting that the totality of this information is comprised of opinions, conclusions, or mental impressions covered by Rule 26 work product or investigatory privileges.[5] Yet, as argued to the

---

[4] The State appreciates that the Magistrate's Order was rendered on an expedited basis at the request of the parties due to the fact that the deposition was already scheduled to take place.

[5] Magistrate Almond's Text Order stating that the "deponent(s) may not be asked any questions regarding experts and their opinions that will be the subject of later disclosure pursuant to Rule 26(a)(2)(B) or are protected from disclosure under Rule 26(b)(4)(D)" (Doc. 60-2, Defs' Ex. A) is not implicated because the State was not seeking the expert opinions or mental impressions – just when the numbers were crunched, when the results came in, and what the numbers showed. Even if it is implicated, Rule 26(b)(4)(D)(ii) also recognizes that a party may "discover facts or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," if there is a "showing [of] exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."

Magistrate and in the State's Appeal, even if the Court were to consider this type of information to be work product or covered by an investigative or governmental deliberative process privilege, this information is only available from one source and goes to the core of the State's affirmative defenses. *See* State's Memo in Support of Appeal, Doc. 60-1, p. 10-12. As such, the State's substantial need for the information and inability to obtain information from any other source presents an undue hardship that outweighs the qualified privileges asserted by Plaintiff. Plaintiff possesses relevant information that it continually refuses to acknowledge or produce. This information is essential to the State's ability to defend itself.[6]

Further, Plaintiff's contention that "Defendants are in possession of the data and information available to the United States (information and data that originated entirely from Defendants) are capable of hiring their own experts to obtain 'opinions on the same subject by other means....'" (Pl.'s Opp'n., Doc. 63, p. 12), creates the misleading notion that the State is in fact seeking opinion testimony. Rather, the State seeks to determine what information provided by the State was used at what time and whether the Plaintiff collected any other factual information from any other sources other than the State. Specifically, in conducting their investigation, what did the Plaintiff know and when did they know it. Without this information, there is no way for the State to know if the Plaintiff used information outside of what was provided by the State in order to conduct its analyses. Nor is there any way for the State to know when such analyses or reviews were conducted and what the results indicated. Establishing this timeline is critical for the State's defense of laches. These factual pieces of information are relevant and necessary to the State's affirmative defenses, cannot be obtained elsewhere without undue hardship.

---

[6] Whether or not the State's affirmative defenses are "improbable" is not for the Plaintiff's determination (Pl.'s Opp'n., Doc. 63, p. 10); improbability results only from a lack of the State's ability to obtain relevant information.

The Plaintiff's investigation is complete, and has been since 2013 when this litigation commenced. The Plaintiff has declared, but in no way demonstrated, that providing factual information from this closed investigation will have a chilling effect on Plaintiff's ability to enforce violations of Title VII. As Magistrate Almond stated, it was a "little extreme" to believe that if he ruled in favor of the State on the Motion to Compel, "that the EEOC [and DOJ] is going to come to a crashing halt and not be able to enforce Title VII." Hearing Tr., Doc. 63-1, p. 11:4-8. Rather, it would be practical and efficient if state and local employers knew what best practices to follow and how the DOJ conducted an investigation in a case of unintentional discrimination, other than having to attempt to decipher vague document requests, in an attempt to interpret outdated and ambiguous guidelines, and hiring costly experts and test developers, all to no avail. Up to this point, the State has struggled to glean any information originating from the Plaintiff, and has been virtually paralyzed by the Plaintiff's veil of blanket privileges under which the State has not even been able to glimpse behind. Nonetheless, these purported privileges are qualified, and the State's inability to effectively pursue their affirmative defenses without such information is prejudicial and erroneous.

Magistrate Almond's across the board denial of the compulsion of factual information sought by the State under Matter 5 is clearly erroneous because the State is not seeking the opinions or mental impressions of the Plaintiff, and the State has a substantial need for the information to support their affirmative defenses.

The State hereby requests that this Honorable Court set aside the Magistrate's Text Order, relating to the denial of compelling testimony from the Plaintiff on Matter 5 in the State's Amended Notice of Deposition, and enter an Order that the Plaintiff designate a witness to testify as to the matters outlined in Matter 5.

Respectfully submitted:

STATE OF RHODE ISLAND, and
RHODE ISLAND DEPARTMENT
OF CORRECTIONS

By Its Attorney,
PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Ariele Yaffee*

_____

Neil F.X. Kelly (Bar No. 4515)
Assistant Attorney General
Ariele Yaffee (Bar No. 8646)
Mariana Ormonde (Bar No. 8873)
Special Assistant Attorneys General
150 South Main Street
Providence, Rhode Island, 02903
Tel: (401) 274-4400 ext. 2284, 2231, 2250
Fax: (401) 222-3016
nkelly@riag.ri.gov
ayaffee@riag.ri.gov
mormonde@riag.ri.gov

## CERTIFICATION

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 1st day of April, 2016:

Clare Geller
Elizabeth B. Banaszak
David Reese
United States Department of Justice
Employment Litigation Civil Rights Division
950 Pennsylvania Avenue, NW, PHB
Washington, DC 20530

*/s/ Ariele Yaffee*

_____

7