UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )    C.A. No. 14-78 S
      v.                       )
                               )
STATE OF RHODE ISLAND;         )
RHODE ISLAND DEPARTMENT OF     )
CORRECTIONS,                   )
                               )
          Defendants.          )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is the State of Rhode Island and the Rhode Island Department of Corrections' (collectively "RIDOC") appeal of Magistrate Judge Lincoln D. Almond's order denying RIDOC's Motion to Compel the United States Department of Justice's ("USDOJ") 30(b)(6) designee to testify about the information listed in Matter 5 (the "Matter") of the RIDOC's deposition notice.  (ECF No. 60.)  The Matter requested the following testimony:

> The method of calculation by which the DOJ evaluated the RIDOC's employment and selection procedures, including, but not limited to:
>
> a. Identifying the steps taken and person(s) involved in establishing any statistical analysis;
> b. The factual basis for any statistical calculations;
> c. The methodology employed to produce any statistical calculations;

1

> d. The dates that any statistical analysis was conducted;
> e. The factual basis for each and every statistical allegation contained in DOJ's complaint.

(Defs.' Mem. of Law 1 n.1, ECF No. 60-1.)  The USDOJ objected to this Matter, arguing that it sought protected work product, and fell under the government's deliberative process and law enforcement/investigative process privileges.  (See Pl.'s Opp'n, ECF No. 63.)  The RIDOC countered that it is entitled to at least some of the information requested in the Matter to support its affirmative defenses of laches and estoppel.  (See Defs.' Reply, ECF No. 64.)  For the reasons that follow, RIDOC's Motion is GRANTED IN PART and DENIED IN PART.

I.  Legal Standard

District courts review discovery rulings by a magistrate judge under the clearly erroneous standard.  See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order [on a non-dispositive matter] that is clearly erroneous or is contrary to law."); United States v. Shaw, 113 F. Supp. 2d 152, 161 (D. Mass. 2000).  Consequently, this Court must accept Magistrate Judge Almond's findings "unless, after scrutinizing the entire record, we 'form a strong,

2

unyielding belief that a mistake has been made.'" Phinney v.
Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)
(quoting Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152
(1st Cir. 1990)).

II. Discussion

The doctrines under which USDOJ seeks protection share
two important attributes. First, each is a qualified
privilege, meaning that the requesting party can overcome the
privilege by showing a sufficient need for the protected
information. See In re San Juan Dupont Plaza Hotel Fire
Litig., 859 F.2d 1007, 1015 (1st Cir. 1988) ("Courts typically
afford ordinary work product only a qualified immunity,
subject to a showing of substantial need and undue hardship
. . . ."); Ass'n for Reduction of Violence v. Hall, 734 F.2d
63, 66 (1st Cir. 1984) (The law enforcement and deliberative
process privileges "are essentially similar in their
underlying rationales and principles of application. They are
qualified rather than absolute, and a trial court is thus
obliged to balance conflicting interests on a case-by-case
basis in ruling on particular claims of privilege."). Second,
the level of protection afforded to the information depends on
the type of information sought. Facts are afforded less
protection than opinions, mental impressions, or analytical
techniques. See Envtl. Prot. Agency v. Mink, 410 U.S. 73, 87-

88 (1973) (considering "whether production of the contested document would be injurious to the consultative functions of government that the privilege of nondisclosure protects," and concluding "in the absence of a claim that disclosure would jeopardize state secrets, . . . memoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context would generally be available for discovery by private parties in litigation with the Government" (internal citations omitted)), superseded by statute on other grounds as stated in C.I.A. v. Sims, 471 U.S. 159 (1985); New Mexico Tech Research Found. v. Ciba-Geigy Corp., No. MISC. 96-085B, 1997 WL 576389, at *2 (D.R.I. Jan. 3, 1997) (distinguishing between the level of protection afforded to ordinary work-product and opinion work-product); Jenkins v. State of Rhode Island State Police Dep't, No. CA 04-453 S, 2006 WL 1371644, at *3 (D.R.I. May 15, 2006) (noting that the law enforcement privilege "recognizes 'a privilege for documents that would tend to reveal law enforcement investigative techniques or sources'" (internal quotation marks omitted) (citing Ass'n for Reduction of Violence, 734 F.2d at 65-66)).

Here, Matter 5 seeks four categories of information: (1) the facts USDOJ relied on to conduct its statistical analyses of RIDOC's hiring process, (2) the dates on which USDOJ

conducted those analyses, (3) the results of those analyses, and (4) the methods USDOJ used in conducting those analyses. The first two categories – the facts USDOJ used to conduct its various analyses and the dates it conducted those analyses – are purely factual in nature.  See e.g. EEOC v. Peoplemark, Inc., No. 1:08-CV-907, 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010) (the dates on which investigations were started and finished did not fall under deliberative process privilege); Suboh v. Bellsouth Bus. Sys., Inc., No. CIV.A1:03CV0996CCCCH, 2004 WL 5550100, at *9 (N.D. Ga. Nov. 17, 2004) ("Nevertheless, although the Defendant is not required to produce the report itself to Plaintiff, the Court reiterates its conclusion that the data underlying the statistical analyses is not protected from disclosure by the attorney-client privilege or the work-product doctrine.").  And USDOC has established a sufficient need for these facts.  Its laches defense, for example, requires RIDOC to show that USDOJ delayed filing suit for an unreasonable and inexcusable amount of time after USDOJ knew or should have known that it had a claim against RIDOC.  See State of Kansas v. State of Colorado, 514 U.S. 673, 687-88 (1995); A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1032 (Fed. Cir. 1992). Knowing when USDOJ conducted its various analyses of RIDOC's hiring procedures and the facts on which USDOJ relied allows

RIDOC to test when USDOJ knew or should have known it had a potential claim against RIDOC. Thus, to the extent that the Magistrate Judge's order restricted inquiry into these facts, it was in error; the information should be produced.

This Order, however, applies to a relatively narrow body of information. At oral argument, USDOJ represented that it only relied on the information RIDOC had produced to conduct its statistical analyses. USDOJ need not re-produce this data. It need only indicate the dates it conducted the analyses and the general facts on which it relied. For example, if USDOJ conducted an analysis in September 2010, USDOJ should indicate which RIDOC production it relied on and what years of hiring data it analyzed. Further, at least based on the parties' representations at oral argument, it does not seem necessary to reopen USDOJ's 30(b)(6) witness's deposition. Unless the parties agree that additional deposition testimony is appropriate, the Court grants RIDOC leave to serve an interrogatory on USDOJ requesting the dates USDOJ conducted its analyses of RIDOC hiring procedures and the general facts on which USDOJ relied. This interrogatory shall be limited in time to 2009 to 2013.

Further, Magistrate Judge Almond did not err in denying RIDOC's request for the methods and the conclusions of USDOJ's analyses. At a minimum, this information is work product and

implicates the USDOJ's deliberative process privilege.  See
E.E.O.C. v. HBE Corp., 157 F.R.D. 465, 466 (E.D. Mo. 1994)
("[I]t is the selection and compilation of the relevant facts
that is at the heart of the work product doctrine."); E.E.O.C.
v. California Psychiatric Transitions, 258 F.R.D. 391, 397
(E.D. Cal. 2009) ("Defendant should be able to clarify
ambiguities related to the factual aspects of the material.
However, any conclusions, interpretations, or recommendations
that the investigator formulated would be subject to the
[investigative] privilege.").  And RIDOC has not established a
substantial need for it.  Knowing when USDOJ conducted its
analyses and the information on which it based those analyses
provides sufficient facts for it to test its affirmative
defenses.[1]

III. Conclusion

    For the foregoing reasons, RIDOC's Motion is GRANTED IN
PART and DENIED IN PART.  Unless the parties agree to another
form of discovery, RIDOC may, within fourteen (14) days of
this Order, serve an interrogatory on USDOJ requesting the
dates between 2009 and 2013 on which USDOJ conducted
statistical analyses of RIDOC's data and a description of the

---

[1]    This Order has no bearing on the scope of expert
discovery to which RIDOC or USDOJ shall be entitled.

data on which USDOJ relied; USDOJ shall have thirty (30) days

to respond.   The remainder of RIDOC's Motion is DENIED.


IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: September 12, 2016