```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )     C.A. No. 14-78 WES
                               )
     v.                        )
                               )
                               )
STATE OF RHODE ISLAND; RHODE   )
ISLAND DEPARTMENT OF CORRECTIONS, )
                               )
                               )
          Defendants.          )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") (ECF No. 88) in this case, recommending the Court overrule all objections to the terms of the proposed settlement agreement and grant the parties' Joint Motion for Final Approval of the Settlement Agreement (ECF No. 85). Prospective claimant Jayson Badillo has objected (ECF No. 93) to the R&R. For the following reasons, the Court accepts the R&R over Badillo's objection.

The United States brought this action against Rhode Island, challenging aspects of the hiring process the state used to select entry-level correctional officers. The United States alleged that the at-issue processes had a disparate impact on minority candidates, in violation of Title VII. After extensive discovery, some motion practice, and one failed settlement conference, the parties reached a settlement after Magistrate Judge Almond held a second conference.

The settlement agreement presented to the Court requires Rhode Island to implement a hiring process that complies with Title VII, to hire up to thirty-seven prospective claimants, and to provide monetary relief of $450,000 to be distributed pro rata. (See ECF No. 80-1.)

Badillo objects that the proposed settlement is substantively inadequate and the product of unfair procedure. The Court reviews Magistrate Judge Almond's recommended disposition de novo, Fed. R. Civ. P. 72(b)(3), and decides whether the settlement is "fair, reasonable, and adequate," Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 10 (1st Cir. 2011) (quotation marks omitted), even if not "the settlement . . . which the court itself might have fashioned, or considers as ideal," United States v. Cannons Eng'g Corp., 899 F.2d 79, 84 (1st Cir. 1990). In so doing, the Court "must exercise some deference to the [United States]'s determination that settlement is appropriate . . . and refrain from second-guessing the Executive Branch." Conservation Law Found. of New England, Inc. v. Franklin, 989 F.2d 54, 58 (1st Cir. 1993) (citation and quotation marks omitted). The Court is also mindful of "the policy of the law to encourage settlements," especially where, as here, "a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." Cannons Eng'g, 899 F.2d at 84.

After close review of the proposed settlement, hearing transcript, and the relevant submissions, the Court concludes that the settlement is fair, reasonable, and adequate. As the parties

point out, Badillo objects to a different case. For example, he cites myriad authority concerning the propriety of relief provided after a finding as to liability. See, e.g., Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 140-41 (2d Cir. 2012); Anderson v. Brennan, 254 F. Supp. 3d 253, 255-56 (D. Mass. 2017); United States v. R.I. Dep't of Emp't Sec., 619 F. Supp. 509, 511 (D.R.I. 1985). Here, there is no such finding. The parties stipulated to the plaintiff's prima facie case, but did not do so as to the rest of plaintiff's disparate-impact claim. See Jones v. City of Bos., 752 F.3d 38, 54 (1st Cir. 2014) ("Once a plaintiff has made a prima facie showing of a disparate impact, the burden shifts to the employer to show that the challenged practice is job related for the position in question and consistent with business necessity. If the employer makes such a showing, a plaintiff has one final path to success, by proving the existence of an alternative employment practice . . . ." (citation and quotation marks omitted)). On the contrary, the parties aggressively litigated these issues. Unlike the cases Badillo cites, the merits remained unresolved while the parties negotiated a settlement. Entirely inappropriate, then, is a comparison between what a plaintiff without a favorable liability judgment negotiated and what plaintiffs who prevailed as to liability won in damages.

Badillo also cites cases involving only private parties. See, e.g., In re Pet Food Prods. Liab. Litig., 629 F.3d 333, 336 (3d Cir. 2010); In re Wireless Tel. Fed. Cost Recovery Litig., 396 F.3d 922, 926 (8th Cir. 2005); Cotter v. Lyft, Inc., 176 F. Supp. 3d 930, 931

(N.D. Cal. 2016). These cases are inapposite insofar as any settlement reached is afforded less deference than the one here, where a government plaintiff has done the negotiating.

Badillo highlights Ross v. Lockheed Martin Corp., 267 F. Supp. 3d 174 (D.D.C. 2017), as a case the Court should use to guide its determination of the proposed settlement's fairness. Ross is of little help, however. In that case, the court rejected a proposed agreement to settle a disparate-impact claim brought by a current and former employee of Lockheed Martin against the company. Id. at 179-80. But there, the negotiated settlement contemplated that plaintiffs (and those in their proposed class) would "release a broad swath of potential legal claims against the company, including claims that ha[d] nothing whatsoever to do with [the employment practice at issue]." Id. at 179. The Ross settlement also punished class members who failed to respond to the class notice. Id. at 202. A non-respondent would "release all of [her] race discrimination claims against Lockheed Martin[, and would] also become ineligible to recover any compensation from the settlement fund." Id. (emphasis omitted). In short, the similarities between Ross and this case begin and end with the fact that, in both, plaintiffs bring disparate-impact claims.

Badillo also complains about Magistrate Judge Almond holding the fairness hearing when he had previously held the settlement conference from which the agreement sprang. Badillo again cites inapposite cases – where, for example, a judge recused himself

4

because his prior involvement in the parties' settlement negotiations turned him into a potential fact witness on a subsequent motion, Decker v. GE Healthcare Inc., 770 F.3d 378, 390 (6th Cir. 2014), or where a judge was to try a case he worked to settle, Becker v. Tidewater, Inc., 405 F.3d 257, 260 (5th Cir. 2005).

Here, Magistrate Judge Almond is not at risk of being called as a fact witness. Nor is he in line to try this case. Indeed, he is not even disposing of it, but rather providing this Court a recommended disposition. Nothing in the record suggests that Magistrate Judge Almond did other than hear, carefully consider, and, ultimately, overrule the objections made to the settlement agreement.

The Court ACCEPTS Magistrate Judge Almond's R&R for the foregoing reasons. Objections to the settlement agreement are hereby overruled, and the parties' Joint Motion for Final Approval of Settlement Agreement (ECF No. 85) GRANTED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: May 11, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.A. No. 14-0078-WES |
| | : | |
| STATE OF RHODE ISLAND, | : | |
| DEPARTMENT OF CORRECTIONS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the parties' Joint Motion for Final Approval of Settlement Agreement. (ECF Doc. No. 85). Pursuant to the Court's Provisional Order of Entry dated October 20, 2017, a Fairness Hearing on the Settlement Agreement was held on February 7, 2018. (ECF Doc. No. 82). A total of fifty-five Objections were received by the parties and communicated to the Court. However, only six (one anonymous) raise any substantive objection to the Final Settlement Agreement. The remainder all reasonable appear to be potential claimants expressing an interest in relief under the Final Settlement Agreement who have misunderstood the purpose of the Objection Form and process. At the hearing, two individuals spoke in favor of the Proposed Settlement. Only one objector (through counsel) appeared and addressed the Court.

**Discussion**

The pending Motion for Final Approval requires the Court to determine whether the proposed settlement agreement is lawful, fair, reasonable, adequate and consistent with the public interest. See Hutchinson v. Patrick, 636 F.3d 1, 10 (1st Cir. 2011); Voss v. Rolland, 592 F.3d 242, 251 (1st Cir. 2010). Here, the parties have given reasonable notice to potential

objectors and, as noted, several Objections have been presented to the Court. After fully and thoroughly reviewing the Final Settlement Agreement and the Objections, I conclude that the terms of the Settlement Agreement (ECF Doc. No. 80-1) are lawful, fair, reasonable, adequate and serve the public interest. Accordingly, I recommend that Chief Judge William E. Smith enter the parties' proposed Order GRANTING the Joint Motion for Final Approval of the Settlement Agreement (see ECF Doc. 85-2) after reviewing this recommendation, the Settlement Agreement, the relevant docket entries and the transcript of the Fairness Hearing.

As the Court knows, this has been a hotly-contested lawsuit with experienced and competent attorneys on both sides of the case. While it is undisputed that there was a statistically significant disparity in pass rates between African American/Hispanic and white applicants for the pre-hire examinations in issue, the Court has not made any finding that such examinations violated Title VII. The State of Rhode Island maintains its position that there is no Title VII liability since the examinations are job-related and consistent with business necessity. The State of Rhode Island also maintains its position that the United States unduly delayed its prosecution of this lawsuit and that, even if Title VII liability were found, the Court should apply the equitable doctrine of laches to limit potential monetary damages. As the Court knows from the Motion for Provisional Entry, the Proposed Settlement is multi-faceted. It includes injunctive relief aimed at remedying any legal deficiencies in the hiring process. It includes monetary relief fund directed generally to unsuccessful applicants. Finally, it includes a preferential hiring process which includes noncompetitive retroactive seniority. Although the Proposed Settlement falls short of providing complete, make-whole relief to each potential claimant, it is a reasonable arm's-length compromise reached by government actors seeking to further the public interest. See Conservation Law Found. v. Franklin, 989 F.2d 54, 58 (1st Cir. 1993) (holding that where a

governmental agency has committed itself to a consent decree, the Court "must exercise some deference" to the agency's determination that settlement is appropriate). As to the particular Objections raised to the Settlement, I recommend that they each be overruled for the reasons I articulated on the record during the Fairness Hearing as well as for the reasons articulated by the parties at the hearing and in their filings.

**Conclusion**

For the foregoing reasons, I recommend that Chief Judge William E. Smith overrule all of the objections and GRANT the parties' Joint Motion for Final Approval of Settlement Agreement (ECF Doc. No. 85) by ENTERING the proposed ORDER (ECF Doc. No. 85-2) presented by the parties.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond  
LINCOLN D. ALMOND  
United States Magistrate Judge  
February 8, 2018