# United States Court of Appeals
## For the First Circuit

No. 19-1739

UNITED STATES,

Plaintiff - Appellee,

v.

STATE OF RHODE ISLAND DEPARTMENT OF CORRECTIONS; STATE OF RHODE ISLAND,

Defendants - Appellees.

------------------------------------------------------------------------------------

JAYSON BADILLO,

Claimant - Appellant.

Before

Lynch, Kayatta and Barron,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: February 22, 2021

     The United States, the State of Rhode Island, and the Rhode Island Department of Corrections ("RIDOC") move for summary disposition of this appeal from a district court order denying appellant Jayson Badillo's motion to intervene in an action the United States brought against Rhode Island and RIDOC under Section 707(a) of Title VII of the Civil Rights Act of 1964. <u>See</u> 42 U.S.C. § 2000e-6. On appeal, Badillo challenges only the district court's denial of his motion to intervene as of right under Fed. R. Civ. P. 24(a); he has presented no argument regarding the district court's denial of his alternative request for permissive intervention under Fed. R. Civ. P. 24(b).

     The denial of a motion to intervene is immediately appealable, <u>R & G Mortg. Corp.</u> v. <u>Federal Home Loan Mortg. Corp.</u>, 584 F.3d 1, 7 (1st Cir. 2009). Both the denial of relief and the "subsidiary findings regarding timeliness" are reviewed for abuse of discretion. <u>Negron-Almeda</u>

v. Santiago, 528 F.3d 15, 21 (1st Cir. 2008). While the district court's discretion is "somewhat more constrained" in the case of a motion to intervene as of right than in the case of a motion for permissive intervention, it remains "appreciable" and the timeliness "requirement retains considerable bite." R & G Mortg. Corp., 584 F.3d at 8.

Appellees argue that the motion to intervene was properly denied because it was untimely and because Badillo failed to demonstrate that he had a right to intervene in any event. Because the threshold question of timeliness is dispositive, we need not decide whether Badillo has met the other requirements for intervention as of right.

The timeliness determination is fact-sensitive and requires consideration of the totality of circumstances. R & G Mortg. Corp., 584 F.3d at 7. "In evaluating that mosaic, the status of the litigation at the time of the request for intervention is 'highly relevant.' As a case progresses toward its ultimate conclusion, the scrutiny attached to a request for intervention necessarily intensifies." Id. (citation omitted) (quoting Banco Popular v. Greenblatt, 964 F.2d 1227, 1230-31 (1st Cir. 1992)). Other factors that inform the timeliness determination include "(i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." Id. "But even though multiple factors may influence the timeliness inquiry, . . . the most important factor is the length of time that the putative intervenor knew or reasonably should have known that his interest was imperilled before he deigned to seek intervention." In re Efron, 746 F.3d 30, 35 (1st Cir. 2014); see Greenblatt, 964 F.2d at 1231; see also R & G Mortg. Corp., 584 F.3d at 8 ("In the last analysis, the timeliness inquiry centers on how diligently the putative intervenor has acted once he has received actual or constructive notice of the impending threat").

Here, the litigation was at an advanced stage when the motion to intervene was filed. The settlement agreement had been approved following a fairness hearing and the individual awards list was finalized just after Badillo filed this appeal. While an intervention motion is not necessarily untimely even if it is filed after judgment has entered, see Tweedle v. State Farm Fire. & Cas. Co., 527 F.3d 664, 671 (8th Cir. 2008), the extent of the progress in the litigation typically weighs against intervention where, as here, the motion is filed after the "litigation is nearly wrapped up[.]" Id.

Further, the district court supportably found that Badillo was aware that his interests were at risk in December 2017, when he received notice of the proposed settlement agreement and promptly retained counsel and filed objections arguing that the amount of the proposed settlement fund was insufficient to fairly compensate potential claimants. Badillo contends that his seventeen-month delay in moving to intervene was nevertheless excusable because he reasonably believed the case was analogous to a class action, and that the procedural mechanism it provided for objecting would have made intervention essentially redundant. He maintains that he did not realize that intervention was necessary to protect his interests until his first appeal was dismissed for lack of standing based in part on his failure to move to intervene in the district court. But ignorance cannot excuse Badillo's delay, particularly since he was represented by counsel, and even if it could, Badillo does not explain why, following the November 2018 judgment dismissing his first

appeal, see United States v. Badillo, No. 18-1462, Judgment (1st Cir. Nov. 7, 2018), in which we noted that Badillo had already delayed in seeking to intervene, he waited another six months to file his motion.

Badillo further argues that a presumption of timeliness should apply to his motion to intervene, no matter how late it was filed, because he is similar to a non-named class member seeking to intervene in a class action, and other circuits have liberally permitted class members' motions to intervene to challenge consent agreements in civil rights class action cases. See, e.g., Smith v. Los Angeles Unified Sch. Dist., 830 F.3d 843, 853 (9th Cir. 2016). Badillo made similar arguments in his previous appeal in support of his claim that he should be permitted to appeal as a non-party or granted leave to intervene nunc pro tunc, and we rejected them, finding that Badillo was not similarly situated to an unnamed class member because he was not bound by the approval of the settlement agreement and could have intervened earlier in the district court. See No. 18-1462, Judgment (1st Cir. Nov. 7, 2018). Badillo's class action analogy is no more persuasive in the context of this appeal than it was in the earlier one.

Finally, Badillo argues that the district court abused its discretion in determining that his motion was untimely without considering the question of prejudice. But the failure to make explicit findings as to every factor relevant to the timeliness determination will not itself amount to an abuse of discretion if the record is sufficiently developed to allow the findings to be made on appeal. See Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 64 (1st Cir. 2008); Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1230 (1st Cir. 1992). Moreover, in the particular circumstances here, where Badillo has been actively objecting to the settlement since December 2017, had an earlier appeal dismissed for lack of standing because he could have but failed to intervene in the district court, and then waited another six months to seek that relief, the district court reasonably could have found that delay alone was sufficient to support a finding that the motion was untimely.

In any case, Badillo's arguments on the issue of prejudice are not persuasive. As discussed in the context of the earlier appeal, neither the filing of the Title VII action nor the approval of the settlement agreement extinguished Badillo's individual rights. See No. 18-1462, Judgment (1st Cir. Nov. 7, 2018). Moreover, Badillo's objections to the settlement agreement and to the individual award he was offered have already been considered by the district court and rejected, and there is no reason to think that allowing him to re-raise the same arguments in the district court as a party would lead to a different outcome either in the district court or on appeal. Further, it seems clear that any prejudice Badillo might suffer from being denied the opportunity to reargue his objections or appeal a further denial would be outweighed by the prejudice that would be caused to the parties and other claimants if Badillo were permitted to challenge an agreement that has been finally approved and implemented.

In sum, Badillo's claim that the district court abused its discretion in finding that his motion to intervene was untimely is meritless, and failure to meet this threshold requirement was dispositive. No substantial issue for review having been presented, the motion for summary disposition is granted and the decision of the district court is affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Bonnie I. Robin-Vergeer
Lauren S. Zurier
Anna Marks Baldwin
Rebecca Tedford Partington
Neil F. X. Kelly
Edward G. Mullaney
Mariana Elena Ormonde
Thomas W. Lyons III
Rhiannon Selina Huffman